IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY ROHWER, Individually and as Seller's Representative on Behalf of PEPPERJAX HOLDING CORPORATION<br><br>Plaintiffs,<br>vs.<br><br>PEPPERJAX HOLDINGS, LLC; TA ASSOCIATES MANAGEMENT, LP; WILLIAM D. CHRIST; AND JIM R. HART,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiffs Gary Rohwer, individually and as Seller's Representative on behalf of PepperJax Holding Corporation (collectively "Plaintiffs"), by and through undersigned counsel, for their Complaint against PepperJax Holdings, LLC; TA Associates Management, LP; William D. Christ; and Jim R. Hart (collectively "Defendants"), hereby state and allege as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Gary Rohwer resides in Omaha, Nebraska.

2. Plaintiff PepperJax Holding Corporation is a Delaware corporation and its principal place of business is in Omaha, Nebraska.

3. Defendant PepperJax Holdings, LLC is a Delaware limited liability company.

4. Defendant TA Associates Management, LP ("TA Associates") is a Delaware limited partnership with principal places of business in Boston, Massachusetts and Menlo Park, California. It also does business in Douglas County, Nebraska.

5. Defendant William D. Christ is a managing director of TA Associates in Boston, Massachusetts doing business in Nebraska, and he may be served with process wherever he may be found.

6. At all relevant times, Defendant Jim R. Hart was a director of TA Associates in Menlo Park, California doing business in Nebraska, and he may be served with process wherever he may be found.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically including 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder, and 15 U.S.C. 78t(a). In connection with the acts, conduct, and other wrongs complained of in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce or the mails in connection with the purchase or sale of securities.

8. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental subject matter jurisdiction over all non-federal claims in this action because they arise from the same conduct as the federal claims and are part of the same case or controversy as those federal claims.

9. Venue is proper pursuant to 15 U.S.C. § 78aa and 15 U.S.C. § 1391 because the Defendants transact business in this judicial district, and a substantial part of the events giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

10. In 2002, Gary Rohwer founded PepperJax Development Company, which operated multiple subsidiaries and a business known as PepperJax Grill, a new and growing fast-casual restaurant chain that featured the Philly cheesesteak sandwich. PepperJax Grill claimed its signature item was "America's Best Philly."

11. In the restaurants, the food products, including the Philly sandwiches, were "made to order." PepperJax Grill staff members would cook and build sandwiches, wraps, salads and more in assembly-line fashion directly in front of the customers to their specifications. This method of food preparation provided a unique atmosphere and interaction with the customers and staff members preparing the food; the experience was known as the "Thrill of the Grill" concept because the food was cooked on an open grill in front of the customers.

12. From its headquarters in Omaha, Nebraska, the PepperJax Grill chain grew to over 30 locations in several states.

13. In 2016, PepperJax Development Company, had a positive estimated market value.

14. In 2016, President and founder Gary Rohwer entered into discussions with the defendant private equity and venture capital firm TA Associates Management, L.P. regarding the potential sale and purchase of the restaurant chain. William D. Christ and James R. Hart led those discussions on behalf of TA Associates.

15. Gary Rohwer ultimately agreed to a purchase price to benefit him, PepperJax Holding Corporation, Linda Rohwer, Mark Burrus, and Erin Palladino. Defendants, however, wanted Plaintiffs to purchase stock and invest in the new PepperJax company as part of the sale. Defendants induced Plaintiffs to accept a percentage of the transaction proceeds in the form of equity in the new PepperJax company, whereby Plaintiffs would in effect purchase 15,680,000 Class A-2 Units of the new PepperJax parent company, PepperJax Holdings, LLC (the "Rollover Investment").

16. Defendants did not provide to any of the Plaintiffs or other beneficial owners any disclosure, offering or similar documents or memorandums regarding or relating to the Rollover

Investment. Instead, Defendants orally communicated to the Plaintiffs the manner in which they would handle Plaintiffs' investment.

17. In June 2016, Plaintiffs entered into a Unit Purchase Agreement and certain contribution and exchange agreements, and acquired the Rollover Investment as minority investors in PepperJax Holdings, LLC.

18. Defendants made false oral representations, assurances, and omissions in connection with PepperJax and the proposed continued operation and maintenance of PepperJax which induced Plaintiffs' investment. Plaintiffs relied upon the false representations, assurances, and omissions in electing to make the Rollover Investment.

19. During 2016, when Hart and Christ were inducing Plaintiffs to accept rollover equity in PepperJax Holdings, LLC, Defendants, directly and indirectly, by use of the means and instrumentality of interstate commerce, and of the mails in connection with the purchase or sale of securities described herein, knowingly or negligently: (a) employed a device, scheme, and artifice to defraud; (b) made untrue statements of material facts and omitted material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, and course of business which have operated as a fraud upon the purchase of such securities.

20. Defendants, and possibly others, made untrue statements of material fact and failed to state material facts, and knew or should have known the materially misleading nature of the misrepresentations and omissions.

21. In particular, Defendants informed Plaintiffs that Defendants would not change the "Thrill of the Grill" experience and concept that Gary Rohwer had developed. Defendants communicated to Plaintiffs that their intent in purchasing the PepperJax Grill restaurants and

related companies was to maintain and operate the processes that Gary Rohwer had created. These included the "Thrill of the Grill" concept, the high focus of store quality, cleanliness, employee staffing, and menu items that were integrally related all to provide the PepperJax experience.

22. Defendants assured that they would grow the PepperJax Grill restaurants into several hundred stores bringing the "Thrill of the Grill" experience with Philly cheesesteaks and the processes that Gary Rohwer had created nationwide.

23. Instead, Defendants knew at the time that their true plan was to alter the "Thrill of the Grill" concept, change menu items, reduce the number of employees, reduce the focus on store quality, and take other actions or material changes. Upon information and belief, Defendants planned various cost-cutting measures which lead to product quality, employee morale, cleanliness and other operating problems.

24. These omissions and affirmative misstatements were intentionally made for the purpose of inducing Plaintiffs into investing the Rollover Investment into PepperJax Holdings, LLC.

25. Based on the false representations and material omissions Defendants made to Plaintiffs, Plaintiffs consented to the rollover equity investment in PepperJax Holdings, LLC in the form of the Rollover Investment.

26. Almost immediately after taking over the restaurants, Defendants changed the "Thrill of the Grill" concept, altered menu items, and significantly reduced the overall experience of the PepperJax Grill restaurants. It is now clear that Defendants materially omitted information of the catastrophic plans and ideas that Defendants actually possessed and intended for the PepperJax Grill restaurants.

27. Plaintiffs relied on the false representations and material omissions made by Defendants by agreeing to invest in PepperJax Holdings, LLC, and they would not have made that investment if Defendants had fully disclosed their intentions and plans for the PepperJax restaurants. Instead, Plaintiffs would not have rolled over equity into the new company, but would have only accepted cash proceeds.

28. The numerous operational changes Defendants made failed and today, less than two years after the sale, upon information and belief PepperJax Holdings, LLC is worth an estimated negative market value. A significant drop from the positive value less than two years earlier, rendering Plaintiffs' investment almost worthless.

29. Plaintiffs were damaged because the Rollover Investment they purchased in reliance on the false representations and material omissions are now significantly decreased in value and largely worthless.

### Count I

**Violation of § 10(b) of the Securities Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 Promulgated Thereunder (17 C.F.R. § 240.10b-5)**
**(Hart and Christ only)**

30. Plaintiffs incorporate paragraphs 1 through 29 as though set forth fully herein.

31. Hart and Christ made the false statements specified above in connection with the sale of a security, and they knew the statements were false when they made them.

32. Hart and Christ violated Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, in that they:

    a. Employed devices, schemes, and artifices to defraud;

  b. Made untrue statements of material facts or omitted material facts, which in light of the circumstances, needed to be disclosed in order to make statements not misleading; and/or

  c. Engaged in acts, practices and a course of business that operated as a fraud or deceit upon the Plaintiffs in connection with their investment decisions.

33. In reliance on Hart and Christ's false statements, Plaintiffs rolled over a percentage of their proceeds into the new PepperJax company, PepperJax Holdings, LLC, and in effect, purchased a largely worthless security.

34. As a direct and proximate result of Hart and Christ's fraudulent conduct, Plaintiffs have been damaged in an amount to be proven at trial.

**Count II**

**Violation of Neb. Rev. Stat. § 8-1118(1)**
**(All Defendants)**

35. Plaintiffs incorporate paragraphs 1 through 34 as though set forth fully herein.

36. Defendants violated § 8-1118(1) by selling a security by means of an untrue statement of material fact. Defendants violated Nebraska Revised Statute § 8-1118(1) by offering and selling the security referenced above by means of untrue statements of material facts, as described above and/or omissions of material facts necessary in order to make those misleading statements, in the light of the circumstances under which they are made, not misleading.

37. Plaintiffs did not know that the statements were untrue and were unaware of omissions made by Defendants.

38. Each of the Defendants knew or should have known of the untrue statements of material fact and omissions of material fact by means of which the securities were sold to Plaintiffs.

39. Plaintiffs still own the securities.

40. On information and belief, the securities have declined significantly in value.

## Count III

### Common Law Fraud
### (All Defendants)

41. Plaintiffs incorporate paragraphs 1 through 40 as though set forth fully herein.

42. This is an action for common law fraud against Defendants.

43. Defendants knew or should have known that they made material misrepresentations and omissions to Plaintiffs in order to induce them to invest in PepperJax Holdings, LLC.

44. In reasonable reliance on the material misrepresentations and omissions set forth in this Complaint, Plaintiffs made the Rollover Investment in PepperJax Holdings, LLC.

45. Defendants TA Associates and PepperJax Holdings, LLC are liable for the conduct of Hart and Christ under the doctrine of respondeat superior or vicarious liability.

46. Plaintiffs were damaged as a result of their reliance on the material misrepresentations and omissions of Defendants.

47. Plaintiffs seek a rescission of their rollover investment and seek judgment against Defendants for an amount to be proven at trial.

## Count IV

### Negligent Misrepresentation
### (All Defendants)

48. Plaintiffs incorporate paragraphs 1 through 47 as though set forth fully herein.

49. Defendants owed a duty of care to Plaintiffs to use reasonable care in making representations to them about the operations of PepperJax Holdings, LLC.

50. In particular, each of the Defendants had a specific duty of care to take reasonable steps to prevent material misrepresentations and omissions to Plaintiffs.

51. Defendants violated their duty of care to Plaintiffs when they failed to take reasonable steps to prevent the obvious and material misrepresentations and omissions. Each of the Defendants knew their plan was to significantly alter and change the "Thrill of the Grill" experience, the menu items, and the overall experience created by the founder of the PepperJax Grill restaurants.

52. In reliance on the material misrepresentations and omissions, Plaintiffs invested in PepperJax Holdings, LLC.

53. Plaintiffs were damaged as a result of their reliance on the negligent and material misrepresentations and omissions of Defendants.

54. Plaintiffs seek judgment against Defendants for an amount to be proven at trial.

### Count V

**Liability Under Section 20(a) of the Securities Exchange Act (15 U.S.C. § 78t(a))**
**(TA Associates and PepperJax Holdings, LLC only)**

55. Plaintiffs incorporate paragraphs 1 through 54 as though set forth fully herein.

56. TA Associates and PepperJax Holdings, LLC actually exercised control over Hart and Christ's operations and actions in general.

57. Hart and Christ are individuals liable under section 10(b) of the Exchange Act as outlined in Count I.

58. TA Associates and/or PepperJax Holdings, LLC had the power and authority to control Hart and Christ with respect to the wrongful conduct giving rise to this claim and the claim in Count I.

59. By reason of TA Associates', PepperJax Holdings, LLC's, Hart's, and Christ's conduct, all are jointly and severally liable pursuant to § 20(a) of the Securities Exchange Act for the damages identified in Count I above.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

A. That Defendants each be served with a Summons and the Complaint;

B. That Plaintiffs be granted judgment against Defendants on each count of their Complaint for the total amount of their investment into PepperJax Holdings, LLC, plus prejudgment and post-judgment interest;

C. That Plaintiffs' Rollover Investment into PepperJax Holdings, LLC be rescinded, requiring Defendants to return the consideration paid for the securities, plus interest from the date of purchase at the rate set forth in the Nebraska Securities Act, in exchange for transfer of all PepperJax securities owned by the Plaintiffs;

D. That Plaintiffs be awarded their reasonable attorneys' fees and costs incurred in bringing this action; and

E. For such other and further relief that this Court deems just, proper, and equitable under the circumstances.

Dated this 19th day of October, 2017.

                GARY ROHWER, Individually and as Seller's Representative on Behalf of PEPPERJAX HOLDING CORPORATION,
                Plaintiffs

                By:    s/ Bob Lepp
                        Robert L. Lepp, #15711
                        Erin R. Robak, #23407
                        James D. "J.D." Johnson, #25987
                        McGILL, GOTSDINER, WORKMAN
                            & LEPP, P.C., L.L.O.
                        11404 West Dodge Road, Suite 500
                        Omaha, NE 68154

Telephone: 402-492-9200
Facsimile: 402-492-9222
BobLepp@mgwl.com
ErinRobak@mgwl.com
JDJohnson@mgwl.com
ATTORNEYS FOR PLAINTIFFS